Case.net:2622-CC13172 - ELGIN JOHNSON VS. SAINT LOUIS UNIVERSITY (E-CASE) - Docket Entries

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending **Display options:** All Entries

**09/15/2026**

**Jury Trial Scheduled**

**Scheduled For:** 06/21/2027; 9:00 AM; CHRISTOPHER EDWARD MCGRAUGH; City of St. Louis

**08/19/2026**

**Alias Summons Issued**

Document ID: 26-SMCC-15303, for SAINT LOUIS UNIVERISTY

**08/17/2026**

**Order - Special Process Server**

Comes now Plaintiff, Elgin Johnson, pursuant to Local Rule 14, requests the appointment by the Circuit Clerk of HPS Process Service & Investigations, JH, and DF to serve the summons and petition in this cause on the below named parties.

**08/13/2026**

**Note to Clerk eFiling**

**Filed By:** JOAN MARIE SWARTZ

**Request Filed**

Request for Appointment of Process Server; Electronic Filing Certificate of Service.

**Filed By:** JOAN MARIE SWARTZ

**On Behalf Of:** ELGIN JOHNSON

**Judge/Clerk - Note**

Insufficient Filing Deposit Received: Please remit $10.00 dollars as court costs for each summons served by a Special Process Server. Under Section 57.280, RSMo, the court clerk shall collect $10 as a court cost for service of any summons in connection with any civil case, if any other person other than a sheriff is specially appointed to service in a county that receives funds from the Deputy Sheriff Salary Supplementation Fund.

**08/12/2026**

**Motion Special Process Server**

Request for Appointment of Process Server; Electronic Filing Certificate of Service.

**Filed By:** JOAN MARIE SWARTZ

**On Behalf Of:** ELGIN JOHNSON

**08/03/2026**

**Entry of Appearance Filed**

Entry of Appearance; Electronic Filing Certificate of Service.

**Filed By:** RYAN SCOTT SHAUGHNESSY

**On Behalf Of:** ELGIN JOHNSON

**07/31/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-10835, for SAINT LOUIS UNIVERISTY

**07/29/2026**

**Filing Info Sheet eFiling**

**Filed By:** JOAN MARIE SWARTZ

**Entry of Appearance Filed**

Joan M. Swartz Entry of Appearance.

**Filed By:** JOAN MARIE SWARTZ

**On Behalf Of:** ELGIN JOHNSON

**Pet Filed in Circuit Ct**

Petition for Damages.

**Filed By:** JOAN MARIE SWARTZ

**On Behalf Of:** ELGIN JOHNSON

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
STATE OF MISSOURI

| | | |
|---|---|---|
| ELGIN JOHNSON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Division No. |
| v. | ) | |
| | ) | **PETITION FOR DAMAGES** |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | JURY TRIAL REQUESTED |
| Serve Managing Agent: | ) | |
| 1 N. Grand Boulevard | ) | |
| St. Louis, Missouri 63103 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES**

COMES NOW, Plaintiff Elgin Johnson, by and through his attorneys, and for Plaintiff's Petition for Damages against Defendant Saint Louis University, states and alleges as follows:

**PARTIES**

1. Plaintiff Elgin Johnson is an individual and a resident of St. Louis County, Missouri, residing at 3570 Dwyer Lane, St. Louis, Missouri 63033.

2. Plaintiff Elgin Johnson is a "covered individual" under the Missouri Human Rights Act, §213.010 R.S.Mo., et seq. (hereinafter "MHRA"), as an employee subjected to unlawful discriminatory practices, harassment, and retaliation in connection with his employment with Defendant.

3. Plaintiff Elgin Johnson is a Black male who is a member of one or more protected classes under the MHRA based on his race and his disability, and based on his opposing, objecting to, and reporting discrimination, harassment, and retaliation.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

4. Defendant Saint Louis University is a non-profit corporation, organized and existing under Missouri law, with its principal place of business located in the City of St. Louis, Missouri, at 1 N. Grand Boulevard, St. Louis, Missouri 63103.

5. Defendant Saint Louis University is a "covered entity" under the MHRA as an "employer" as follows:

a. At all times relevant hereto, Defendant Saint Louis University had six (6) or more employees for each working day in each of twenty (20) or more calendar weeks in the current calendar year and preceding calendar year.

b. Defendant Saint Louis University directly or indirectly owns, controls, and operates educational and administrative facilities in the City of St. Louis, Missouri, including the Facility Management Office located at 3547 Olive Street, St. Louis, Missouri 63103, where Plaintiff Elgin Johnson was employed.

6. Defendant Saint Louis University does not qualify for the religious organization exemption under §213.010(8) R.S.Mo. as follows:

a. As a non-profit corporation, Defendant Saint Louis University cannot be "owned" by any religious or sectarian group or organization as a matter of law. *Farrow v. St. Francis Medical Center*, 407 S.W.3d 579, 591-93 (Mo. banc 2013).

b. Defendant Saint Louis University is not "operated" by a religious or sectarian group or organization. Defendant Saint Louis University is governed by an independent Board of Trustees composed predominantly of lay professionals, and no religious organization presently and actively directs, manages, or controls its governance, finances, governing documents, or day-to-day operations.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

**JURISDICTION AND VENUE**

7. This civil action includes claims of (a) unlawful employment discrimination based on race and disability under §213.055 R.S.Mo.; (b) harassment and hostile work environment under §213.055 R.S.Mo.; (c) retaliation and other unlawful discriminatory practices under §213.070 R.S.Mo.; and (d) unlawful discrimination and retaliation for exercising rights under the Missouri Workers' Compensation Law, §287.780 R.S.Mo.

8. This Court has subject matter jurisdiction over civil actions pursuant to Article V, §14 of the Missouri Constitution (1945) and §478.070 R.S.Mo.

9. Venue is proper in the Circuit Court of the City of St. Louis, Missouri, under §508.010 R.S.Mo. and §213.111 R.S.Mo. where the acts, events, and occurrences constituting the unlawful employment practices under §213.055 R.S.Mo. and the unlawful discriminatory practices under §213.070 R.S.Mo. were committed or otherwise occurred in the City of St. Louis, Missouri, where Plaintiff Elgin Johnson was employed and subjected to the unlawful conduct, and where Defendant Saint Louis University's principal place of business is located.

10. Plaintiff Elgin Johnson has fully exhausted his administrative remedies under the MHRA as follows:

a. Plaintiff Elgin Johnson timely filed a Charge of Discrimination, No. E-10/25-57510; E28-2026-00079, with the Missouri Commission on Human Rights and the United States Equal Employment Opportunity Commission, alleging discrimination based on race and disability, retaliation, and other unlawful discriminatory practices.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

b. Plaintiff Elgin Johnson requested a Notice of Right to Sue, and on April 30, 2026, the Missouri Commission on Human Rights issued its Notice of Right to Sue, terminating its proceedings relating to the Charge of Discrimination.

c. Plaintiff Elgin Johnson timely filed this Petition within ninety (90) days of the issuance of the Notice of Right to Sue and within two (2) years of the acts, events, and occurrences of discrimination and retaliation described herein.

d. Plaintiff Elgin Johnson has fully satisfied all conditions precedent set forth in §213.111 R.S.Mo. to maintain this action and to prosecute claims under the Missouri Human Rights Act.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. EMPLOYMENT RELATIONSHIP.

11. On or about April 1, 2019, Plaintiff Elgin Johnson commenced his employment with Defendant Saint Louis University in the Maintenance Department, holding the position of Maintenance A.

12. At all times relevant hereto, Defendant Saint Louis University employed Plaintiff Elgin Johnson.

13. During his employment with Defendant Saint Louis University, Plaintiff Elgin Johnson was under the direct supervision of Charles "Chuck" Goedde, his immediate supervisor, and Matt Toenjes, Director of Facility Management, who exercised authority over Plaintiff Elgin Johnson, including, but not limited to, the power to direct his daily work activities, to influence and recommend tangible employment actions affecting Plaintiff Elgin Johnson, and to recommend and effectuate matters of discipline and termination.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

14. At all times relevant hereto, Plaintiff Elgin Johnson was a member of Local 4, International Union of Operating Engineers, and the terms and conditions of his employment were governed by a Collective Bargaining Agreement.

**B. WORK HISTORY AND PERFORMANCE.**

15. Plaintiff Elgin Johnson possessed the required education, skills, and experience to perform the duties of his position as set by Defendant Saint Louis University.

16. Plaintiff Elgin Johnson, at all times relevant, fully and satisfactorily performed and discharged his duties in a professional and competent manner throughout his nearly six-year tenure with Defendant Saint Louis University.

**C. RACIAL HARASSMENT AND HOSTILE WORK ENVIRONMENT.**

17. In or around February 2024, Plaintiff Elgin Johnson was subjected to discriminatory harassment when a coworker directed a racial slur at Plaintiff Elgin Johnson.

18. Plaintiff Elgin Johnson complained about this incident to Defendant Saint Louis University's Human Resources Department.

19. Despite Plaintiff Elgin Johnson's complaint, Defendant Saint Louis University failed and refused to take any meaningful disciplinary or corrective action against the offending employee, demonstrating an indifference to a racially hostile work environment and a tolerance for discriminatory conduct in the workplace.

**D. WORKPLACE INJURY AND WORKERS' COMPENSATION.**

20. In or about early April 2025, Plaintiff Elgin Johnson sustained a serious work-related back injury that resulted in severe and ongoing pain, substantially limited his ability to walk and to perform other major life activities, and rendered him unable to perform his regular job duties.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

21. Plaintiff Elgin Johnson exercised his rights under the Missouri Workers' Compensation Law by reporting the work-related injury to Defendant Saint Louis University and by seeking medical treatment, including treatment at Defendant's designated medical provider, Concentra, at Defendant's direction.

22. On or about April 15, 2025, after Plaintiff Elgin Johnson was evaluated by Defendant's designated medical provider, Defendant Saint Louis University placed Plaintiff Elgin Johnson on a modified light-duty assignment, acknowledging his physical impairment and his work-related injury.

23. On or about April 17, 2025, Defendant Saint Louis University, through Director of Facility Management Matt Toenjes, confirmed in writing that Defendant "would provide modified duty accommodations," that Plaintiff Elgin Johnson would perform office duties instead of his usual tasks, and that his work location and work hours would be temporarily changed to the Facility Management office from 8:00 AM to 4:30 PM.

**E. NOTICE OF ABSENCES, HOSPITALIZATION, AND CANCER DIAGNOSIS.**

24. Throughout his recovery, Plaintiff Elgin Johnson consistently communicated his medically-necessary absences to his immediate supervisor, Charles Goedde, and otherwise complied with Defendant's attendance and communication policies.

25. On or about April 21, 2025, Plaintiff Elgin Johnson's condition worsened, necessitating his admission to the hospital, where he remained hospitalized through on or about April 28, 2025.

26. On or about April 22, 2025, Plaintiff Elgin Johnson called his supervisor, Charles Goedde, from the hospital to inform Defendant Saint Louis University of his hospital admission.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

27. During his hospitalization, Plaintiff Elgin Johnson was diagnosed with cancer of the spine, a physical impairment that substantially limits one or more major life activities.

28. On or about April 24, 2025, while still hospitalized, Plaintiff Elgin Johnson again communicated with his supervisor, Charles Goedde, to request information on how to initiate a claim for medical leave, and Plaintiff Elgin Johnson thereafter initiated a claim for medical leave.

**F. TERMINATION AND PRETEXT.**

29. On or about May 1, 2025, shortly after Plaintiff Elgin Johnson sustained a work-related injury, exercised his rights under the Missouri Workers' Compensation Law, was diagnosed with cancer, and requested medical leave, Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment.

30. Defendant Saint Louis University stated that the reasons for the termination of Plaintiff Elgin Johnson's employment were "insubordination" and "job abandonment."

31. The stated reasons of "insubordination" and "job abandonment" are false and serve as a pretext for unlawful discrimination and retaliation and were not related to any valid exercise of business judgment, as follows:

a. Defendant Saint Louis University's assertion that Plaintiff Elgin Johnson "abandoned" his job is directly refuted by his documented and consistent communication with his supervisor, Charles Goedde, regarding his medically-necessary absences.

b. Defendant Saint Louis University knew that Plaintiff Elgin Johnson was hospitalized from on or about April 21, 2025, through on or about April 28, 2025, and could not credibly claim that Plaintiff Elgin Johnson "abandoned" his job when it knew he was receiving emergency medical care for a condition that was diagnosed as cancer.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

c. The allegation of "insubordination" is false and unsubstantiated because Plaintiff Elgin Johnson's absences were necessitated by a debilitating medical condition and a work-related injury, and Plaintiff Elgin Johnson followed Defendant's protocol by communicating those absences to his supervisor.

d. The termination occurred in close temporal proximity to Plaintiff Elgin Johnson's work-related injury, his exercise of rights under the Missouri Workers' Compensation Law, his cancer diagnosis, and his request for medical leave.

e. Upon information and belief, Defendant Saint Louis University did not subject similarly situated white employees with comparable attendance records to the same level of scrutiny or discipline and did not terminate such employees under similar circumstances for "job abandonment" or "insubordination."

**G. REPORTING AND INADEQUATE RESPONSE.**

32. Throughout the period of discriminatory treatment, Plaintiff Elgin Johnson reported the harassment, discrimination and hostile work environment, and retaliation to his supervisors and to Defendant's Human Resources Department.

33. Despite receiving Plaintiff Elgin Johnson's reports and complaints, Defendant Saint Louis University failed and refused to conduct adequate investigations or to take prompt, effective, and meaningful corrective action to address the discriminatory conduct, and instead permitted the discriminatory conduct to continue unabated.

**H. TIMELINESS AND CONTINUING VIOLATION.**

34. Each of the acts, events, and occurrences of discrimination and retaliation described herein, including but not limited to the termination of Plaintiff Elgin Johnson's employment on or

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

about May 1, 2025, occurred within one hundred eighty (180) days of the filing of the Charge of Discrimination.

35. The acts, events, and occurrences of discrimination and retaliation are interrelated and form the basis of a "continuing violation" associated with the ongoing harassment, hostile work environment, discrimination, and retaliation that culminated in Plaintiff Elgin Johnson's unlawful termination.

**I. ANIMUS AND MOTIVATION FOR ADVERSE ACTIONS.**

36. Defendant Saint Louis University undertook the actions described herein, including the failure to take prompt and effective corrective action and the termination of Plaintiff Elgin Johnson's employment, with animus towards Plaintiff Elgin Johnson based on his race and his disability, in retaliation for his engaging in protected activity under the MHRA, and in retaliation for his exercise of rights under the Missouri Workers' Compensation Law.

37. Plaintiff Elgin Johnson's race, disability, protected activity under the MHRA, and exercise of rights under the Missouri Workers' Compensation Law actually played a role in and had a determinative influence on the undertaking of the actions described herein.

38. Defendant Saint Louis University did not have and has not offered any valid, non-discriminatory, and non-retaliatory reason for undertaking the actions described herein, and any reasons proffered by Defendant Saint Louis University are pretextual and are an attempt to cover up and deny discrimination, harassment and retaliation under the MHRA and retaliation for exercising rights under the Missouri Workers' Compensation Law.

**COUNT I – UNLAWFUL EMPLOYMENT DISCRIMINATION (MHRA)**

COMES NOW, Plaintiff Elgin Johnson, by and through his attorney, and for Count I of Plaintiff's Petition against Defendant Saint Louis University states as follows:

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

39. Plaintiff Elgin Johnson realleges, restates, and incorporates by reference paragraphs 1 through 38 of Plaintiff's Petition as and for this paragraph 39.

40. At all times relevant hereto, Defendant Saint Louis University employed Plaintiff Elgin Johnson in the Maintenance Department.

41. Defendant Saint Louis University engaged in unlawful employment practices prohibited by §213.055 R.S.Mo. by discharging Plaintiff Elgin Johnson based on his race and disability and discriminating against Plaintiff Elgin Johnson based on his race and disability with respect to his terms, conditions, and privileges of employment as follows:

a. Defendant Saint Louis University treated Plaintiff Elgin Johnson in a disparate manner based on his race and disability relating to the application and enforcement of its attendance, communication, job abandonment, and disciplinary policies;

b. Defendant Saint Louis University selectively and strictly enforced its attendance and communication policies against Plaintiff Elgin Johnson while, upon information and belief, not subjecting similarly situated white employees with comparable attendance records to the same level of scrutiny or discipline;

c. Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment using false and pretextual reasons of "insubordination" and "job abandonment" that demonstrated racial bias and disability bias towards Plaintiff Elgin Johnson; and

d. Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment because of his disability and Defendant's perception of him as disabled in order to avoid its obligation to engage in the interactive process and to provide a reasonable accommodation.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

42. In discharging Plaintiff Elgin Johnson and discriminating against Plaintiff Elgin Johnson with respect to his terms, conditions, and privileges of employment, Defendant Saint Louis University acted with animus towards Plaintiff Elgin Johnson based on his race and disability, and the race and disability of Plaintiff Elgin Johnson actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant Saint Louis University against Plaintiff Elgin Johnson.

43. As a direct result of the discharge of Plaintiff Elgin Johnson and the discrimination against Plaintiff Elgin Johnson with respect to his terms, conditions, and privileges of employment based on his race and disability in violation of §213.055 R.S.Mo., Plaintiff Elgin Johnson sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages;

b. Past Economic Harm including (1) loss of employment opportunities and work assignments, (2) loss of benefits associated with his employment, (3) employment search expenses, and (4) adverse or negative tax consequences relating to lump-sum payment;

c. Future Economic Harm including (1) damage to professional reputation, (2) loss or diminution of future wages, (3) loss or diminution of future employment and advancement opportunities, and (4) additional search expenses;

d. Past and Future Non-Economic Harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness, and hopelessness, (4) feelings of anger, irritability, and frustration, (5) feelings of tiredness, lethargy, and lack of energy, (6) general and situational anxiety, and (7) loss of sleep and sleep disturbance; and

e. Attorney's fees associated with the prosecution of the claims.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

44. The reinstatement of Plaintiff Elgin Johnson to his position is not feasible due to the extreme hostility exhibited towards Plaintiff Elgin Johnson by Defendant Saint Louis University and, therefore, Plaintiff Elgin Johnson seeks an award from the Court of front pay as additional equitable relief to make Plaintiff Elgin Johnson whole as a result of the unlawful employment practices of Defendant Saint Louis University.

45. Plaintiff Elgin Johnson further seeks an award of punitive damages in accordance with §213.111 R.S.Mo. because Defendant Saint Louis University intentionally harmed Plaintiff Elgin Johnson without just cause and acted with a deliberate and flagrant disregard for the rights of Plaintiff Elgin Johnson by engaging in unlawful employment practices and knowingly failing to maintain a workplace free of unlawful discrimination based on race and disability.

WHEREFORE, Plaintiff Elgin Johnson prays for judgment in favor of Plaintiff and against Defendant Saint Louis University for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment and post-judgment interest thereon at the rate set forth in §408.040 R.S.Mo., for an award of punitive damages, for equitable relief in the form of front pay, for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT II – HARASSMENT AND HOSTILE WORK ENVIRONMENT (MHRA)**

COMES NOW, Plaintiff Elgin Johnson, by and through his attorney, and for Count II of Plaintiff's Petition against Defendant Saint Louis University states, in the alternative to other claims, as follows:

46. Plaintiff Elgin Johnson realleges, restates, and incorporates by reference paragraphs 1 through 45 of Plaintiff's Petition as and for this paragraph 46.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

47. At all times relevant hereto, Defendant Saint Louis University employed Plaintiff Elgin Johnson in the Maintenance Department.

48. Defendant Saint Louis University engaged in unlawful employment practices prohibited by §213.055 R.S.Mo. by harassing Plaintiff Elgin Johnson and discriminating against Plaintiff Elgin Johnson based on his race with respect to his terms, conditions, and privileges of employment as follows:

a. Forcing Plaintiff Elgin Johnson to endure offensive conduct and harassment as a condition of continued employment;

b. Subjecting Plaintiff Elgin Johnson to offensive conduct and harassment that was unwelcome and that was severe and pervasive enough to create a work environment that was offensive to Plaintiff Elgin Johnson and would be considered by a reasonable person to be intimidating, hostile, and abusive;

c. Interfering with the performance by Plaintiff Elgin Johnson of his work duties; and

d. Refusing to abate the hostile work environment after Plaintiff Elgin Johnson provided notice of the offensive conduct and harassment.

49. The offensive conduct and harassment directed towards Plaintiff Elgin Johnson included the following actions:

a. A coworker directing a racial slur at Plaintiff Elgin Johnson in or around February 2024;

b. Maintaining a work environment tolerant of racial animus; and

c. Refusing to abate the hostile work environment after Plaintiff Elgin Johnson provided actual notice of the offensive conduct and harassment, including, but not limited to, the

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

failure and refusal to conduct an adequate investigation into Plaintiff Elgin Johnson's complaint, the failure and refusal to take any meaningful disciplinary action against the offending employee, and the failure and refusal to take any corrective action to address or otherwise abate the offensive conduct.

50. The harassment and intimidation were unwelcome and offensive to Plaintiff Elgin Johnson because Plaintiff Elgin Johnson desired to work in a workplace free from harassment, discrimination, and retaliation, and Plaintiff Elgin Johnson did not solicit, invite, or incite the harassment and intimidation directed towards him based on his race.

51. In engaging in the offensive conduct and harassment, in maintaining the hostile work environment, and in discriminating against Plaintiff Elgin Johnson with respect to his terms, conditions, and privileges of employment, Defendant Saint Louis University acted with animus towards Plaintiff Elgin Johnson based on his race, and the race of Plaintiff Elgin Johnson actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant Saint Louis University against Plaintiff Elgin Johnson.

52. As a direct result of Defendant Saint Louis University engaging in the offensive conduct and harassment, in maintaining the hostile work environment, and in discriminating against Plaintiff Elgin Johnson with respect to his terms, conditions, and privileges of employment in violation of §213.055 R.S.Mo., Plaintiff Elgin Johnson sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages;

b. Past Economic Harm including (1) loss of employment opportunities and work assignments, (2) loss of benefits associated with his employment, (3) employment search expenses, and (4) adverse or negative tax consequences relating to lump-sum payment;

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

c. Future Economic Harm including (1) damage to professional reputation, (2) loss or diminution of future wages, (3) loss or diminution of future employment and advancement opportunities, and (4) additional search expenses;

d. Past and Future Non-Economic Harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness, and hopelessness, (4) feelings of anger, irritability, and frustration, (5) feelings of tiredness, lethargy, and lack of energy, (6) general and situational anxiety, and (7) loss of sleep and sleep disturbance; and

e. Attorney's fees associated with the prosecution of the claims.

53. The reinstatement of Plaintiff Elgin Johnson to his position is not feasible due to the extreme hostility exhibited towards Plaintiff Elgin Johnson by Defendant Saint Louis University and, therefore, Plaintiff Elgin Johnson seeks an award from the Court of front pay as additional equitable relief to make Plaintiff Elgin Johnson whole as a result of the unlawful employment practices of Defendant Saint Louis University.

54. Plaintiff Elgin Johnson further seeks an award of punitive damages in accordance with §213.111 R.S.Mo. because Defendant Saint Louis University intentionally harmed Plaintiff Elgin Johnson without just cause and acted with a deliberate and flagrant disregard for the rights of Plaintiff Elgin Johnson by engaging in unlawful employment practices and knowingly failing to maintain a workplace free of unlawful discrimination and harassment.

WHEREFORE, Plaintiff Elgin Johnson prays for judgment in favor of Plaintiff and against Defendant Saint Louis University for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment and post-judgment interest thereon at the rate set forth in §408.040 R.S.Mo., for an award of punitive damages, for equitable relief in the form of front pay,

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT III – RETALIATION (MHRA)**

COMES NOW, Plaintiff Elgin Johnson, by and through his attorney, and for Count III of Plaintiff's Petition against Defendant Saint Louis University states, in the alternative to other claims, as follows:

55. Plaintiff Elgin Johnson realleges, restates, and incorporates by reference paragraphs 1 through 54 of Plaintiff's Petition as and for this paragraph 55.

56. At all times relevant hereto, Defendant Saint Louis University employed Plaintiff Elgin Johnson in the Maintenance Department.

57. Plaintiff Elgin Johnson engaged in protected activities under the Missouri Human Rights Act as follows:

a. Plaintiff Elgin Johnson objected to and opposed the offensive conduct, harassment, hostile work environment, and the discrimination against Plaintiff Elgin Johnson with respect to his terms, conditions, and privileges of employment based on his race;

b. Plaintiff Elgin Johnson complained to and reported to Defendant Saint Louis University's Human Resources department the racial harassment and racially hostile work environment after a coworker directed a racial slur at Plaintiff Elgin Johnson in or around February 2024; and

c. Plaintiff Elgin Johnson filed a Charge of Discrimination with the Missouri Commission on Human Rights and the United States Equal Employment Opportunity Commission.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

58. Defendant Saint Louis University engaged in unlawful discriminatory practices prohibited by §213.070 R.S.Mo. by retaliating and discriminating against Plaintiff Elgin Johnson based on his engaging in protected activities under the Missouri Human Rights Act as follows:

a. Defendant Saint Louis University targeted Plaintiff Elgin Johnson for termination after he complained of racial harassment;

b. Defendant Saint Louis University selectively and strictly enforced its attendance, communication, and disciplinary policies against Plaintiff Elgin Johnson; and

c. Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment using false and pretextual reasons of "insubordination" and "job abandonment."

59. The retaliation and discrimination directed towards Plaintiff Elgin Johnson occurred in close temporal proximity to Plaintiff Elgin Johnson's protected activities under the Missouri Human Rights Act.

60. In retaliating and discriminating against Plaintiff Elgin Johnson based on his engaging in protected activities under the Missouri Human Rights Act, Defendant Saint Louis University acted with animus towards Plaintiff Elgin Johnson based on his engaging in protected activities under the Missouri Human Rights Act, and the act of engaging in protected activities under the Missouri Human Rights Act by Plaintiff Elgin Johnson actually played a role in and had a determinative influence on the adverse employment actions taken by Defendant Saint Louis University against Plaintiff Elgin Johnson.

61. As a direct result of Defendant Saint Louis University retaliating and discriminating against Plaintiff Elgin Johnson based on his engaging in protected activities under the Missouri Human Rights Act in violation of §213.070 R.S.Mo., Plaintiff Elgin Johnson sustained actual damages in excess of $25,000.00 as follows:

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

a. Back Wages;

b. Past Economic Harm including (1) loss of employment opportunities and work assignments, (2) loss of benefits associated with his employment, (3) employment search expenses, and (4) adverse or negative tax consequences relating to lump-sum payment;

c. Future Economic Harm including (1) damage to professional reputation, (2) loss or diminution of future wages, (3) loss or diminution of future employment and advancement opportunities, and (4) additional search expenses;

d. Past and Future Non-Economic Harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness, and hopelessness, (4) feelings of anger, irritability, and frustration, (5) feelings of tiredness, lethargy, and lack of energy, (6) general and situational anxiety, and (7) loss of sleep and sleep disturbance; and

e. Attorney's fees associated with the prosecution of the claims.

62. The reinstatement of Plaintiff Elgin Johnson to his position is not feasible due to the extreme hostility exhibited towards Plaintiff Elgin Johnson by Defendant Saint Louis University and, therefore, Plaintiff Elgin Johnson seeks an award from the Court of front pay as additional equitable relief to make Plaintiff Elgin Johnson whole as a result of the unlawful discriminatory practices of Defendant Saint Louis University.

63. Plaintiff Elgin Johnson further seeks an award of punitive damages in accordance with §213.111 R.S.Mo. because Defendant Saint Louis University intentionally harmed Plaintiff Elgin Johnson without just cause and acted with a deliberate and flagrant disregard for the rights of Plaintiff Elgin Johnson by engaging in unlawful discriminatory practices and failing to maintain a workplace free of unlawful retaliation.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

WHEREFORE, Plaintiff Elgin Johnson prays for judgment in favor of Plaintiff and against Defendant Saint Louis University for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment and post-judgment interest thereon at the rate set forth in §408.040 R.S.Mo., for an award of punitive damages, for equitable relief in the form of front pay, for reasonable attorney's fees and costs, and for such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT IV – WORKERS' COMPENSATION RETALIATION (§287.780 R.S.Mo.)**

COMES NOW, Plaintiff Elgin Johnson, by and through his attorney, and for Count IV of Plaintiff's Petition against Defendant Saint Louis University states, in the alternative to other claims, as follows:

64. Plaintiff Elgin Johnson realleges, restates, and incorporates by reference paragraphs 1 through 63 of Plaintiff's Petition as and for this paragraph 64.

65. At all times relevant hereto, Defendant Saint Louis University employed Plaintiff Elgin Johnson in the Maintenance Department before his work-related injury.

66. Section 287.780 R.S.Mo. provides that "[n]o employer or agent shall discharge or discriminate against any employee for exercising any of his or her rights under this chapter when the exercising of such rights is the motivating factor in the discharge or discrimination," and that "[a]ny employee who has been discharged or discriminated against in such manner shall have a civil action for damages against his or her employer."

67. Plaintiff Elgin Johnson exercised his rights under the Missouri Workers' Compensation Law, Chapter 287 R.S.Mo., by sustaining a work-related injury in or about early April 2025, reporting the work-related injury to Defendant Saint Louis University, seeking

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

medical treatment for the work-related injury at Defendant's direction, and pursuing a workers' compensation claim.

68. Defendant Saint Louis University engaged in unlawful discrimination and retaliation prohibited by §287.780 R.S.Mo. by discharging Plaintiff Elgin Johnson and discriminating against Plaintiff Elgin Johnson for exercising his rights under the Missouri Workers' Compensation Law as follows:

a. Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment on or about May 1, 2025, shortly after Plaintiff Elgin Johnson sustained a work-related injury and exercised his rights under the Missouri Workers' Compensation Law;

b. Defendant Saint Louis University terminated Plaintiff Elgin Johnson's employment using false and pretextual reasons of "insubordination" and "job abandonment"; and

c. Defendant Saint Louis University selectively and strictly enforced its attendance, communication, and disciplinary policies against Plaintiff Elgin Johnson because he had exercised his rights under the Missouri Workers' Compensation Law.

69. Plaintiff Elgin Johnson's exercise of his rights under the Missouri Workers' Compensation Law was the motivating factor in his discharge, in that his exercise of his rights under Chapter 287 R.S.Mo. actually played a role in and had a determinative influence on the discharge. §287.780 R.S.Mo.

70. The temporal proximity between Plaintiff Elgin Johnson's exercise of his rights under the Missouri Workers' Compensation Law and Defendant Saint Louis University's termination of his employment, together with Defendant's false and pretextual stated reasons for the termination, establishes that Plaintiff Elgin Johnson's exercise of his rights under Chapter 287 R.S.Mo. was the motivating factor in his discharge.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

71. As a direct result of Defendant Saint Louis University discharging and discriminating against Plaintiff Elgin Johnson for exercising his rights under the Missouri Workers' Compensation Law in violation of §287.780 R.S.Mo., Plaintiff Elgin Johnson sustained actual damages in excess of $25,000.00 as follows:

a. Back Wages;

b. Past Economic Harm including (1) loss of employment opportunities and work assignments, (2) loss of benefits associated with his employment, (3) employment search expenses, and (4) adverse or negative tax consequences relating to lump-sum payment;

c. Future Economic Harm including (1) damage to professional reputation, (2) loss or diminution of future wages, (3) loss or diminution of future employment and advancement opportunities, and (4) additional search expenses; and

d. Past and Future Non-Economic Harm in the form of garden variety emotional distress including (1) loss of interest or pleasure in life activities, (2) diminished self-worth, (3) feelings of sadness, tearfulness, emptiness, and hopelessness, (4) feelings of anger, irritability, and frustration, (5) feelings of tiredness, lethargy, and lack of energy, (6) general and situational anxiety, and (7) loss of sleep and sleep disturbance.

72. [Reserved for Punitive Damages]

WHEREFORE, Plaintiff Elgin Johnson prays for judgment in favor of Plaintiff and against Defendant Saint Louis University for an award of actual damages in such amount as may be fair and reasonable, for pre-judgment and post-judgment interest thereon at the rate set forth in §408.040 R.S.Mo., for costs, and for such other and further relief as the Court may deem just and proper under the circumstances.

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

Respectfully Submitted,

**LAW OFFICES OF JOAN M. SWARTZ**

*/s/ Joan M. Swartz*
Joan M. Swartz, #37242
3348 Greenwood Blvd.
Maplewood, Missouri 63143
(314) 471-2032 Telephone
(314) 485-2345 Facsimile
jms@jmsllc.com

**SHAUGHNESSY LAW FIRM, LLC**

*/s/ Ryan S. Shaughnessy*
Ryan S. Shaughnessy, #39922
100 N. Kingshighway Blvd., Suite 2310
St. Louis, Missouri 63108
(314) 971-4381 Telephone
rss@slfadvisors.com

***Attorneys for Plaintiff***

2622-CC13172

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| ELGIN JOHNSON, | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Division No. |
| v. | ) | |
| | ) | |
| SAINT LOUIS UNIVERSITY | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Joan M. Swartz of the Law Offices of Joan M. Swartz, LLC and hereby enters her appearance as counsel for Plaintiff Elgin Johnson in the above-captioned matter.

Respectfully submitted,

**LAW OFFICES OF JOAN M. SWARTZ**

*/s/ Joan M. Swartz*
Joan M. Swartz, #37242
3348 Greenwood Blvd.
Maplewood, MO 63143
(314) 471-2032 Telephone
(314) 485-2345 Facsimile
jms@jmsllc.com

**SHAUGHNESSY LAW FIRM, LLC**

*/s/ Ryan S. Shaughnessy*
Ryan S. Shaughnessy, #39922
100 N. Kingshighway Blvd., Ste. 2310
St. Louis, Missouri 63108
(314) 971-4381 Telephone
rss@slfadvisors.com

***Attorneys for Plaintiff***

Electronically Filed - City of St. Louis - July 29, 2026 - 03:37 PM

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Entry of Appearance was electronically filed and served on all counsel of record via the Court's electronic filing system on this 29th day of July 2026.

_/s/ Joan M. Swartz_

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC13172** | |
| Plaintiff/Petitioner:<br>ELGIN JOHNSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOAN MARIE SWARTZ<br>3348 GREENWOOD BLVD.<br>MAPLEWOOD, MO 63143 | |
| Defendant/Respondent:<br>SAINT LOUIS UNIVERISTY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | |

**The State of Missouri to: SAINT LOUIS UNIVERISTY**
**Alias:**
**1 N. GRAND BLVD.**
**ST. LOUIS, MO 63103**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

7/31/2026
Date

Clerk

**Further Information:**


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ______________________________ (date)

at ______________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ______________ Date ______________________________ Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - CITY OF ST. LOUIS - August 03, 2026 - 03:14 PM

# Entry of Appearance

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

Elgin Johnson,

Plaintiff,

vs.

Saint Louis Univeristy,

Defendant.

Case Number: 2622-CC13172

Comes now undersigned counsel and enters his/her appearance as attorney of record for Elgin Johnson, Plaintiff in the above-styled cause.

/s/ Ryan S. Shaughnessy
Ryan Scott Shaughnessy
Mo Bar Number: 39922
Attorney for Plaintiff
100 N. Kingshighway Blvd
Suite 2310
St. Louis, MO 63108
Phone Number: (314) 971-4381 ext 032
shaughnessylawfirm@gmail.com

**Certificate of Service**

I hereby certify that on August 3rd, 2026, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Ryan S. Shaughnessy
Ryan Scott Shaughnessy

Electronically Filed - CITY OF ST. LOUIS - August 12, 2026 - 03:21 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

ELGIN JOHNSON
Plaintiff/Petitioner

August 12, 2026
Date

vs.

2622-CC13172
Case number

SAINT LOUIS UNIVERSITY
Defendant/Respondent

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Elgin Johnson (Requesting Party), pursuant to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| HPS Process Service & Investigations | 6642 Clayton Road, Suite 243, Richmor | (314) 881-8310 |
| John Hefele, St. Louis Investigations & Process S | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |
| Dan Flynn, St. Louis Investigations & Process Se | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Saint Louis University
Name
1 N. Grand Blvd.
Address
St. Louis, Missouri 63103
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By__________________________
Deputy Clerk

Date

/s/ Joan M. Swartz
Attorney/Plaintiff/Petitioner
37242
Bar No.
3348 Greenwood Blvd, Maplewood MO 63143
Address
(314) 471-2032
Phone No.

Electronically Filed - CITY OF ST. LOUIS - August 12, 2026 - 03:21 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

ELGIN JOHNSON
Plaintiff/Petitioner

August 12, 2026
Date

vs.

2622-CC13172
Case number

SAINT LOUIS UNIVERSITY
Defendant/Respondent

Division

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Elgin Johnson (Requesting Party), pursuant to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| HPS Process Service & Investigations | 6642 Clayton Road, Suite 243, Richmor | (314) 881-8310 |
| John Hefele, St. Louis Investigations & Process S | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |
| Dan Flynn, St. Louis Investigations & Process Se | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Saint Louis University
Name
1 N. Grand Blvd.
Address
St. Louis, Missouri 63103
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By [signature]
Deputy Clerk
8-14-26
Date

/s/ Joan M. Swartz
Attorney/Plaintiff/Petitioner
37242
Bar No.
3348 Greenwood Blvd, Maplewood MO 63143
Address
(314) 471-2032
Phone No.

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

For File Stamp Only

ELGIN JOHNSON
Plaintiff/Petitioner

August 12, 2026
Date

vs.

2622-CC13172
Case number

SAINT LOUIS UNIVERSITY
Defendant/Respondent

Division

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Elgin Johnson (Requesting Party), pursuant to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| HPS Process Service & Investigations | 6642 Clayton Road, Suite 243, Richmor | (314) 881-8310 |
| John Hefele, St. Louis Investigations & Process S | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |
| Dan Flynn, St. Louis Investigations & Process Se | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Saint Louis University
Name
1 N. Grand Blvd.
Address
St. Louis, Missouri 63103
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By____________________
Deputy Clerk

Date

/s/ Joan M. Swartz
Attorney/Plaintiff/Petitioner
37242
Bar No.
3348 Greenwood Blvd, Maplewood MO 63143
Address
(314) 471-2032
Phone No.

Electronically Filed - CITY OF ST. LOUIS - August 13, 2026 - 03:04 PM

**MISSOURI JUDICIARY**
**22ND JUDICIAL CIRCUIT**
**CITY OF ST. LOUIS**
**CASE PARTY FEE REPORT**



**CASE ID: 2622-CC13172** **ELGIN JOHNSON VS. SAINT LOUIS UNIVERSITY**

## FEES AND ADJUSTMENTS

### Case Fees

| Detc Code | Description | Date | Fee Amount | Balance Due |
|---|---|---|---|---|
| 3350 | Circuit Civil Costs | 29-Jul-2026 | $83.50 | $0.00 |
| 3008 | Law Library | 29-Jul-2026 | $15.00 | $0.00 |
| 3148 | Court Restor (St L City) | 29-Jul-2026 | $45.00 | $0.00 |
| 3070 | Dom Viol-Circuit Civil | 29-Jul-2026 | $2.00 | $0.00 |
| 3069 | Spc Proc Srv-Sheriff Dep Supp | 13-Aug-2026 | $10.00 | $10.00 |
| 26-SMCC-10835 | | | | |
| | | **Total Fees:** | **$155.50** | **$10.00** |
| | | **Grand Total Case and Party Fees :** | **$155.50** | **$10.00** |

**CASE ID: 2622-CC13172** **ELGIN JOHNSON VS. SAINT LOUIS UNIVERSITY**

## RECEIPTS

| Party Name (Party ID) | Detc Code | Description | Date | Receipt No. | Bond/Acct ID | Void Ind. | Non-Monetary Amount | Monetary Amount |
|---|---|---|---|---|---|---|---|---|
| SWARTZ, JOAN MARIE (37242) | 1109 | Credit Card-eFiling | 29-Jul-2026 | 22ST3396653 | 37242-9 | | $0.00 | $145.50 |
| | | 2102 - Open Items In | | $145.50 | | | | |
| PRC:23677502 ECF:EF44251118 | | | | | | | | |
| SWARTZ, JOAN MARIE (37242) | 2101 | Open Items Out | 31-Jul-2026 | 22ST3397248 | 37242-9 | | $145.50 | $0.00 |
| | | 3350 - Circuit Civil Costs | | $83.50 | | | | |
| | | 3148 - Court Restor (St L City) | | $45.00 | | | | |
| | | 3008 - Law Library | | $15.00 | | | | |
| | | 3070 - Dom Viol-Circuit Civil | | $2.00 | | | | |
| | | | | | | **Grand Total Receipts :** | **$145.50** | **$145.50** |

Electronically Filed - CITY OF ST. LOUIS - August 13, 2026 - 03:04 PM

In the
# CIRCUIT COURT
## City of St. Louis, Missouri

SEAL OF THE MISSOURI CIRCUIT COURT TWENTY-SECOND JUDICIAL CIRCUIT · SUUM CUIQUE TRIBUERE · ST. LOUIS CITY

ELGIN JOHNSON
Plaintiff/Petitioner

vs.

SAINT LOUIS UNIVERSITY
Defendant/Respondent

August 12, 2026
Date

2622-CC13172
Case number

Division

For File Stamp Only

FILED
AUG 17 2026
22ND JUDICIAL CIRCUIT
CIRCUIT CLERK'S OFFICE
BY VER DEPUTY

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, Elgin Johnson, pursuant
Requesting Party
to Local Rule 14, requests the appointment by the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| HPS Process Service & Investigations | 6642 Clayton Road, Suite 243, Richmor | (314) 881-8310 |
| John Hefele, St. Louis Investigations & Process ; | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |
| Dan Flynn, St. Louis Investigations & Process Se | P.O. Box 31321, St. Louis, MO 63131 | (314) 966-2850 |

to serve the summons and petition in this cause on the below named parties.

SERVE:
Saint Louis University
Name
1 N. Grand Blvd.
Address
St. Louis, Missouri 63103
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**TOM KLOEPPINGER,** Circuit Clerk

By [signature]
Deputy Clerk

08/17/2026
Date

/s/ Joan M. Swartz
Attorney/Plaintiff/Petitioner
37242
Bar No.
3348 Greenwood Blvd, Maplewood MO 63143
Address
(314) 471-2032
Phone No.

# Summons in Civil Case

IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>CHRISTOPHER EDWARD MCGRAUGH | **Case Number: 2622-CC13172** | |
| Plaintiff/Petitioner:<br>ELGIN JOHNSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JOAN MARIE SWARTZ<br>3348 GREENWOOD BLVD.<br>MAPLEWOOD, MO 63143 | |
| Defendant/Respondent:<br>SAINT LOUIS UNIVERISTY | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **SAINT LOUIS UNIVERISTY**
**Alias:**
**1 N. GRAND BLVD.**
**ST. LOUIS, MO 63103**

**Other Addresses:**

**SPECIAL PROCESS SERVER**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***CITY OF ST LOUIS***

8/19/2026
Date

Clerk

**Further Information:**


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.